UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ANNA SOSNINA & LARKEN ROSE, Plaintiffs )<br>)<br>v.                                                                           )<br>)<br>ROBERT D. SCHADEGG, Defendant             )<br>Code Enforcer, Lower Moreland Township     )<br>)<br>_____)  | Civil Action No. 2:15-cv-02637-JS |

## PLAINTIFFS' MOTION
## FOR SUMMARY JUDGMENT

The Defendant in this case has requested a jury trial, but a jury trial is not required if the court finds that on the issues *"there is no federal right to a jury trial"* (Rule 39, Fed.R.Civ.P.). As shown below, the prior pleadings from both the Plaintiffs and the Defendant show that *"there is no genuine dispute as to any material fact,"* and that Plaintiffs are *"entitled to judgment as a matter of law"* (Rule 56, Fed.R.Civ.P.). Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiffs therefore request that this Court issue a summary judgment in their favor.

## UNDISPUTED FACTS

1) Plaintiff Sosnina is the owner of the property in question and Plaintiff Rose is the occupant, and this was the case when the Defendant issued the citation in question. This is acknowledged on the first page of the Defendant's "Memorandum of Law" in support of his Motion to Dismiss.

2) Plaintiff Rose sent to Lower Moreland Township—for which Defendant works as "Code Enforcer"—a letter refusing to cooperate with an inspection scheduled without his consent or cooperation, which he believed *"would serve no purpose."* This is acknowledged on pages 2 and 3 of the aforementioned "Memorandum of Law" filed by the Defendant.

3) In retaliation, the Defendant personally signed and issued a $1,000 citation against Plaintiff Sosnina for *"failure provide inspection,"* citing Section 403.86 of the Pennsylvania Construction Code. A copy of the citation was included with Defendant's "Memorandum of Law."

## CONCLUSION

Nowhere in the pleadings has the Defendant denied any of the above facts. The Supreme Court has plainly ruled that the "*Fourth Amendment bars prosecution of a person who has refused to permit a warrantless code enforcement inspection of his personal residence*" (*Camara v. Municipal Court*, 387 U.S. 523 (1967)). The Defendant cannot claim immunity on the basis of being unaware of that ruling, because a ruling by the Supreme Court puts an official on notice concerning the constitutional limits of his powers (*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Furthermore, even as of the date of this filing, the Defendant continues to act in bad faith, and still has not retracted his clearly illegal attempts to extort Plaintiff Sosnina for an act (refusing an inspection): 1) which he knows she did not do[1]; 2) which she had no legal power to stop Plaintiff Rose from doing[2]; 3) which is not in violation of any law, including that cited by the Defendant[3], and; 4) which cannot legally be subject to punishment[4]. Based on these facts, this 42 U.S.C. § 1983 suit easily meets the three criteria set out in *Jean v. Deflaminis*, 480 F.3d 259 (3d Cir. 2007): the plaintiffs "*engaged in a protected activity,*" the Defendant's "*retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights,*" and "*there was a causal connection between the protected activity and the retaliatory action.*" As such, Plaintiffs are entitled to a judgment as a matter of law.

---

[1] Defendant's prior "Memorandum of Law" acknowledges that it was Plaintiff Rose, the occupant, who refused to cooperate with the inspection, rather than Plaintiff Sosnina, the owner.

[2] A property owner cannot consent to a warrantless search on behalf of the occupant (*Chapman v. United States*, 365 U.S. 610 (1961)).

[3] Section 403.86 of the Pennsylvania Construction Code states that a construction code official may enter a building "*when the official presents credentials to the occupant and receives permission to enter,*" and also says that an official may not enter an unoccupied building "*without obtaining permission to enter from the owner or the owner's agent*" (emphasis added).

[4] *Camara*, supra.

For the foregoing reasons, Plaintiffs request that this court enter a judgment in their favor, granting declaratory judgment and injunctive relief, as well as punitive damages, in order to prevent Plaintiffs and others similarly situated from being subjected to similar extortion by the Defendant in the future, and to be granted compensatory damages, in an amount to be decided by the Court, based upon the expense, loss of time and energy, and the hardship and stress suffered by the Plaintiffs as a result of the Defendant's unlawful actions.

Respectfully submitted,


_____   07/22/15
Anna Sosnina (pro se)       Date
20 Brentwood Place
Holland, PA 18966


_____   7/22/15
Larken Rose (pro se)        Date
497 Woodward Drive
Huntingdon Valley, PA 19006

## CERTIFICATE OF SERVICE

By signing below, I certify that on July 23rd, 2015, a copy of the foregoing document was served upon the Defendant's counsel, by sending it via certified mail through the U.S. Post Office to the following address:

Harry G. Mahoney
1601 Market Street, Suite 3400
Philadelphia, PA  19103

_____    7/23/15

Larken Rose (pro se)         Date
497 Woodward Drive
Huntingdon Valley, PA 19006